**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.:  22-137 (RC) |
| | : | |
| MOREZ KING, | : | Re Document No.:    60 |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**DENYING DEFENDANT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORT**

**I.  INTRODUCTION**

Defendant Morez King pleaded guilty to possessing child pornography in violation of 18

U.S.C. § 2252(a)(4)(B) and (b)(2).  Following King's guilty plea, the United States Probation

Office ("Probation") prepared a Presentence Investigation Report ("PSR").  *See* Presentence

Investigation Report ("PSR"), ECF No. 53.  In the PSR, Probation recommended that a

mandatory-minimum sentencing enhancement contained in 18 U.S.C. § 2252(b)(2) be applied in

determining King's sentence.  PSR at 8, 14.  King objects to the application of section

2252(b)(2)'s sentencing enhancement.  *See* Def.'s Mem. Supp. Mot. Sentencing Mem. ("Def.'s

Sentencing Mem."), ECF No. 60, at 2–6.  For the reasons set forth below, King's objection is

denied.

**II.  BACKGROUND**

On February 13, 2023, King pleaded guilty to one count of Possession of Child

Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  Although this conviction

represented the first time that King had been found guilty of possessing child pornography under

a federal statute, it was not the first time that he had faced legal consequences for possessing

child pornography.  To the contrary, in 2015, King was indicted in Fairfax County, Virginia for

five counts of "knowingly or intentionally possess[ing] sexually explicit visual material utilizing

or having as a subject a person less than eighteen (18) years of age" in violation of Virginia Code

§ 18:2-374.1:1.  *See* Def.'s Sentencing Mem., Ex. A, Indictment for Possession of Child

Pornography, ECF No. 60 at 13–15.  He ultimately pleaded guilty to all five counts.  PSR at 5, 8.

In light of King's prior Virginia conviction, Probation recommended the application of

the mandatory-minimum sentencing enhancement contained in 18 U.S.C. § 2252(b)(2).  *See id.*

at 14.  As relevant here, section 2252(b)(2) provides that a defendant who "has a prior conviction

. . . under the laws of any State relating to . . . the production, possession, receipt, mailing, sale,

distribution, shipment, or transportation of child pornography . . . shall be . . . imprisoned for not

less than 10 years."  18 U.S.C. § 2252(b)(2).

King objects to Probation's conclusion that the sentencing enhancement applies.  Refined

to bare essence, King contends that his prior Virginia conviction does not constitute an offense

"relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or

transportation of child pornography" within the meaning of section 2252(b)(2).  *See* Def.'s

Sentencing Mem. at 3–6.  In opposition, the Government argues that King's prior conviction

qualifies as a predicate offense for purposes of section 2252(b)(2).  *See generally* United States

Opp'n ("Opp'n"), ECF No. 62.  King has since filed a Reply to the Government's Opposition

that expands upon the arguments set forth in his initial objections to the PSR.  *See generally*

Def.'s Reply ("Reply"), ECF No. 64.  The Court heard oral argument on November 3, 2023.

### III.  ANALYSIS

An individual who, like King, violates section 2252(a)(4) is subject to a ten-year

mandatory minimum sentence if that person "has a prior conviction . . . under the laws of any

State relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography."[1]  18 U.S.C. § 2252(b)(2).  King was previously convicted of violating Virginia Code § 18.2-374.1:1, which makes it a crime to "knowingly possess[] child pornography."  He now contends, however, that his prior conviction does not trigger section 2252(b)(2)'s sentencing enhancement because it does not "relat[e] to [the] possession . . . of child pornography," 18 U.S.C. § 2252(b)(2), under the test set out by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990).  The Government disagrees; it argues that King's Virginia conviction qualifies as a predicate offense for purposes of section 2252(b)(2) and that, therefore, the mandatory minimum applies.

Resolving the parties' dispute requires the Court to proceed in two steps.  First, it must determine the proper scope of its analysis under the so-called "categorical approach."  Second, it must determine whether King's prior conviction "relat[es] to" the possession of child pornography under federal law.

## A.  Categorical Approach

To determine whether a prior state conviction triggers a sentencing enhancement, courts turn to the "categorical approach" set forth in *Taylor*.  *See United States v. Brown*, 892 F.3d 385, 402 (D.C. Cir. 2018); *see also United States v. Portanova*, 961 F.3d 252, 255 (3d Cir. 2020) (explaining that courts should apply categorial approach to determine whether prior conviction triggers 18 U.S.C. § 2252(b)(2)'s sentencing enhancement); *United States v. Simard*, 731 F.3d 156, 161 (2d Cir. 2013) (per curiam) (same).  That approach instructs courts to assess whether a

---

[1] This enhancement also applies when a defendant has a prior state conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(2).  The Government does not contend that King's prior conviction meets any of those criteria.

prior state conviction qualifies as a predicate offense by "look[ing] only to the fact of [the prior] conviction and the statutory definition of the prior offense." *Shepard v. United States*, 544 U.S. 13, 17 (2005) (quoting *Taylor*, 495 U.S. at 602).  Put slightly differently, the court must restrict its focus to "the elements of the statute of conviction," *Pugin v. Garland*, 599 U.S. 600, 604 (2023) (quoting *Taylor*, 495 U.S. at 601), while disregarding "the particular facts underlying th[e] conviction[]," *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor*, 495 U.S. at 600); *see also Shular v. United States*, 140 S. Ct. 779, 783 (2020) (explaining that, under categorical approach, courts "consider neither 'the particular facts underlying the prior convictions' nor 'the label a State assigns to the crimes'" (quoting *Mathis v. United States*, 579 U.S. 500, 509–10 (2016) (cleaned up))); *United States v. Sheffield*, 832 F.3d 296, 314 (D.C. Cir. 2016) (explaining that courts consider "how the law defines the offense and not . . . how an individual defendant might have committed it on a particular occasion" (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008))).

In practice, courts apply the categorical approach by "compar[ing] the elements of the [state] crime of conviction with the elements" of the "generic" federal offense—that is, "the offense as commonly understood." *Mathis*, 579 U.S. at 503.  Under the strictest method of application, a state conviction qualifies as a predicate offense only "if [the state crime's] *elements* are the same as, or narrower than, those of the generic offense." *Id.* at 504; *see also Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (explaining that "a state offense is a categorical match with a generic federal offense only if a conviction of the state offense '"necessarily" involved . . . facts equating to the generic federal offense'" (internal alterations omitted) (quoting *Shepard*, 544 U.S. at 24)).  Conversely, a state conviction typically does *not* qualify if the

underlying state statute "covers any more conduct than the generic offense." *Mathis*, 579 U.S. at

504; *see also Descamps*, 570 U.S. at 261; *Sheffield*, 832 F.3d at 314.

The Government concedes that Virginia criminalizes slightly more conduct than does

federal law. That is because, as relevant here, Virginia defines child pornography to include the

"lewd exhibition of nudity," Va. Code § 18.2-374.1(A), whereas the federal definition of child

pornography encompasses only the "lascivious exhibition of the anus, genitals, or pubic area of

any person," 18 U.S.C. § 2256(2)(A)(v).[2] Given this discrepancy, the Government

acknowledges that the Virginia statute could, for example, "potentially capture the lewd

exhibition of a child's breasts, where the federal statute would not do so." Opp'n at 13–14.

In other contexts in which the categorical approach has been applied, the Government's

concession would likely be fatal to its contention that King's prior conviction qualifies as a

predicate offense for purposes of section 2252(b)(2). *See United States v. Redrick*, 841 F.3d 478,

482 (D.C. Cir. 2016). The Government contends, however, that, given the text and history of

section 2252(b)(2), a slightly "looser" application of the categorical approach is warranted, and

that King's prior conviction may qualify as a predicate offense even though the Virginia statute

of conviction and the federal statute defining child pornography are not "an exact match." Opp'n

at 9–10 (quoting *Portanova*, 961 F.3d at 254).

---

[2] Both Virginia and federal law contain much broader definitions of "child pornography" than the language just quoted. Virginia also defines child pornography to include "visual material which utilizes or has as a subject an identifiable minor" and which depicts "sexual bestiality, . . . sexual excitement, sexual conduct or sadomasochistic abuse." Va. Code § 18.2-374.1(A). And federal law targets "visual depiction[s] involv[ing] the use of a minor engaging in" "sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; . . . bestiality; . . . masturbation; [or] sadistic or masochistic abuse." 18 U.S.C. §§ 2256(2)(A)(v), (8)(A). The parties do not focus their overbreadth arguments on these aspects of the definitions.

The Government grounds its argument for a "looser" application of the categorical approach in the text of section 2252(b)(2), and that is where the Court will begin its analysis as well. *See United States v. Fischer*, 64 F.4th 329, 335 (D.C. Cir. 2023) ("When interpreting a statute, 'we begin by analyzing the statutory language, assuming that the ordinary meaning of that language accurately expresses the legislative purpose.'" (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010) (internal quotation marks omitted))). Recall that section 2252(b)(2)'s mandatory minimum is triggered if a defendant has a prior conviction "*relating to . . .* the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." 18 U.S.C. § 2252(b)(2) (emphasis added). The "ordinary meaning" of the term "relating to" is a "broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" *Friedman v. Sebelius*, 686 F.3d 813, 820 (D.C. Cir. 2012) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)). Consistent with the term's broad, ordinary meaning, the Supreme Court has long instructed that courts should read the words "relating to" "expansively." *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1760 (2018); *see also United States v. Slatten*, 865 F.3d 767, 780 (D.C. Cir. 2017) (explaining that "a statutory provision containing the phrase ['relating to']" must be given "broad scope") (quoting *Friedman*, 686 F.3d at 820)).

Cases interpreting the words "relating to" in the context of specific statutes illustrate the broad nature of the term. For example, in *Friedman*, the D.C. Circuit held that, in the context of the statutory phrase "misdemeanor relating to fraud," "a misdemeanor 'relat[es] to' fraud 'in the normal sense of the phrase, if it has *a connection with, or reference to*' fraud." *Friedman*, 686 F.3d at 820 (emphasis added) (quoting *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990)). Likewise, in *Pugin*, the Supreme Court recently explained that a statute covering

offenses "*relating to* obstruction of justice" encapsulated all offenses that "have '*a connection with*' obstruction of justice."  599 U.S. at 607 (second emphasis added) (quoting *Coventry Health Care of Missouri, Inc. v. Nevils*, 581 U.S. 87, 96 (2017)).  These precedents suggest that, in the context of section 2252(b)(2), a prior conviction may "relat[e] to [the] possession . . . of child pornography," 18 U.S.C. § 2252(b)(2), so long as the underlying state statute bears *a connection with* the possession of child pornography as defined by the federal statute.[3]

Further militating in favor of a more expansive reading of section 2252(b)(2) is the fact that, when Congress intends to "reference only state law congruent with federal law," it typically does so "clearly and specifically."  *United States v. Kraemer*, 933 F.3d 675, 681 (7th Cir. 2019).  For example, in 18 U.S.C. § 3559(e)(2)(B), Congress expressly defined "State sex offense[s]" to include only "conduct that *would be* a Federal sex offense."  (Emphasis added).  Similarly, in 18 U.S.C. § 2426(b)(1)(B), Congress specified that a previous conviction under state law would

---

[3] *Mellouli v. Lynch*, 575 U.S. 798 (2015) is not to the contrary.  In *Mellouli*, the Supreme Court held that, despite the "broad" meaning of the words "relating to," a provision in the Immigration and Nationality Act that "authorizes the removal of an alien 'convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country *relating to a controlled substance (as defined in section 802 of Title 21)*'" is satisfied only "when the elements that make up the state crime of conviction relate to a federally controlled substance"—that is, a substance specifically appearing on a "[21 U.S.C. §] 802 schedule."  575 U.S. at 801, 811, 813 (emphasis added) (quoting 8 U.S.C. § 1227(a)(2)(B)(i)).

Unlike the statute at issue in *Mellouli*, section 2252(b)(2) does not contain a limiting parenthetical cabining the scope of the term "relating to."  *Compare* 8 U.S.C. § 1227(a)(2)(B)(i) (triggering removal upon prior conviction "relating to a controlled substance (as defined in section 802 of title 21)"), *with* 18 U.S.C. § 2252(b)(2) (triggering mandatory minimum upon prior conviction "relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography").  This is particularly significant given that the *Mellouli* Court itself explained that, absent the phrase "as defined in [§ 802]," the reach of the removal provision would likely apply to offenses beyond those involving drugs listed in § 802.  *See* 575 U.S. at 808 n.9.  Furthermore, as other courts have observed, the structure and legislative history of the removal provision at issue in *Mellouli* is very distinct from the structure and history of section 2252(b)(2).  *See United States v. Kraemer*, 933 F.3d 675, 682–83 (7th Cir. 2019) (explaining the differences in detail); *United States v. Bennett*, 823 F.3d 1316, 1323–24 (10th Cir. 2016) (same).

constitute a "prior sex offense conviction"—as that term was used in the statute—only if the

state offense "consist[ed] of conduct that *would have been an offense* under [this chapter, chapter

109A, chapter 110, or section 1591]." (Emphasis added). And the same is true of 18 U.S.C. §

2241(c). In that statute, Congress imposed a mandatory minimum sentence of life imprisonment

on defendants previously convicted of "a State offense that *would have been an offense* under

either" 18 U.S.C. §§ 2241(a) or (b) "had the offense occurred in a Federal prison." 18 U.S.C. §

2241(c) (emphasis added). These examples show that, had Congress intended for section

2252(b)(2) to apply *only* when a state conviction relates to (among other things) the possession

of child pornography as defined by federal law, "it could have, *and would have*, said so."[4]

*Kraemer*, 933 F.3d at 681; *see also Portanova*, 961 F.3d at 257 ("Congress has demonstrated a

command of limiting language that strictly refers only to conduct criminalized under federal law,

and it could have employed it here if it so intended."); *United States v. Bennett*, 823 F.3d 1316,

1324 (10th Cir. 2016) ("If Congress had intended to reference only those state laws that punished

federally-punishable conduct, it could have said so."); *United States v. Mateen*, 806 F.3d 857,

861 (6th Cir. 2015) ("[W]hen a sentence enhancement based on a state conviction requires the

state statute to mirror the federal one, the enhancement statute is explicit.").

---

[4] At oral argument, King's counsel argued that it would make no difference (for purposes of applying the categorical approach) if Congress had used a word like "for" rather than "relating to" in section 2252(b)(2), such that the sentencing enhancement would apply if a defendant "has a prior conviction . . . under the laws of any State *for* . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." King's position runs afoul of the general rule that "Congress' choice of words is presumed to be deliberate," *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 353 (2013), and the Court therefore declines to treat the broad term "relating to" as synonymous with a narrower term like "for." *Cf. Philip Morris USA Inc. v. United States Food & Drug Admin.*, 156 F. Supp. 3d 36, 44 (D.D.C. 2016) (declining to treat the "broader" term "matter in controversy" as synonymous with "case" in 28 U.S.C. § 455(b)(2) where Congress "easily could have substituted" the former with the latter (quoting *Little Rock Sch. Dist. v. Armstrong*, 359 F.3d 957, 960 (8th Cir. 2004))).

Comparison between section 2241(c) (the last statute cited in the previous paragraph) and section 2252(b)(2) is particularly apt for another reason. That is because Congress enacted section 2241(c)'s mandatory minimum at the same time—and in the same act—in which it first amended section 2252(b) to impose a mandatory minimum in cases in which a defendant "ha[d] a prior conviction . . . under the laws of any State relating to the possession of child pornography." *See* Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121, 110 Stat. 3009, 3009-30. A fundamental tenet of statutory construction teaches that "when 'Congress includes particular language in one section of a statute but omits it *in another section of the same Act*, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *United States v. Villanueva-Sotelo*, 515 F.3d 1234, 1248 (D.C. Cir. 2008) (quoting *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 452 (2002)). Applied here, that tenet provides a strong indication that Congress did not intend to tether section 2252(b)(2)'s enhancement-triggering convictions to federal law in the same, restricted manner as it did in the context of section 2241(c). *See United States v. Monzel*, 641 F.3d 528, 533 (D.C. Cir. 2011) ("[T]he usual rule [is] that when the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." (quoting *Sosa v. Alvarez–Machain*, 542 U.S. 692, 711 n. 9 (2004)).

Recognizing all of the above, multiple Courts of Appeals have held that the categorical approach does not require a "precise match" between a state predicate offense and a "federal generic offense" when, like here, the statute containing the sentencing enhancement is triggered by a state offense "relating to" a federal offense. *Portanova*, 961 F.3d at 256. For instance, in *Portanova*, the Third Circuit was confronted with the question of whether a defendant's prior conviction for possessing and distributing child pornography under Pennsylvania law "was a

9

conviction relating to the possession of child pornography" within the meaning of section 2252(b)(1). *Id.* at 254. Section 2252(b)(1) contains a sentencing enhancement that is materially identical to that which is found in section 2252(b)(2); it provides for a mandatory minimum in the event that a defendant "has a prior conviction . . . under the laws of any State relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." 18 U.S.C. § 2252(b)(1). As relevant here, the defendant argued that his prior Pennsylvania conviction did not trigger section 2252(b)(1)'s mandatory minimum because the Pennsylvania statute of conviction defined child pornography more broadly than did federal law. *See Portanova*, 961 F.3d at 255, 262.

The Third Circuit disagreed. In doing so, it first emphasized that "[t]he phrase 'relating to' [in section 2252(b)(1)] must be 'read expansively'" and to encompass a wider set of crimes "than those specifically listed in the federal statutes." *Id.* at 256 (quoting *Flores v. Att'y Gen. United States*, 856 F.3d 280, 297 (3d Cir. 2017) (Shwartz, J., concurring)). After giving the phrase its proper, expansive interpretation, the court held that, under the categorical approach, an "exact match" was not required "between the state and federal elements of conviction." *Id.* at 254, 262. Instead, it found that it was sufficient that the state law "'relat[ed] to the possession of child pornography,' as generically understood under federal law." *Id.* at 258 (quoting 18 U.S.C. § 2252(b)(1)) (internal alterations omitted). And, after examining the "interrelationship" between the Pennsylvania statute and federal law, the court concluded that they were related to each other within the meaning of section 2252(b)(1) because the two statutes targeted the "same *actus rei*" (including the possession and distribution of child pornography) and "define[d] nearly identical subject matter as child pornography." *Id.* at 262.

The Eighth Circuit conducted a similar analysis in *United States v. Mayokok*, 854 F.3d 987 (8th Cir. 2017). In that case, the defendant had previously been convicted of possessing child pornography in violation of Minnesota law. *Id.* at 989. There, too, the Minnesota statute criminalized conduct not covered by the federal definition of child pornography. *See id.* at 992–93. Nonetheless, given the text of section 2252(b)(1) and the "broad ordinary meaning" of the phrase "relating to," the court explained that the relevant question was "not whether the [state and federal] statutes criminalize exactly the same conduct, but whether the full range of conduct proscribed under [the state statute] relates to the 'possession . . . of child pornography' as that term is defined under federal law." *Id.* (quoting *United States v. Sonnenberg*, 556 F.3d 667, 671 (8th Cir. 2009)). Viewed through that lens, the court concluded that "any conduct violating [the Minnesota statute] necessarily relates to the 'possession . . . of child pornography' under federal law," and that, therefore, the sentencing enhancement applied.[5] *Id.*

In the same vein, courts interpreting other similar statutes have also concluded that Congress's use of the term "'relating to' has a broadening effect" such that complete overlap between a state predicate and federal law is not required in order for the former to constitute a

---

[5] Although it did so without relying on the "categorical approach," the Seventh Circuit reached the same result in *United States v. Kaufmann*, 940 F.3d 377, 380–81 (7th Cir. 2019). There, the defendant argued that his prior Indiana conviction for possession of child pornography did not trigger section 2252(b)(1)'s sentencing enhancement because Indiana's definition of child pornography "captures not only possession of materials falling within [the federal] definition of 'child pornography,' but also possession of materials falling outside it." 940 F.3d at 379. Relying on circuit precedent interpreting section 2252(b)(2), the Seventh Circuit rejected this argument. *Id.* at 380. It explained that Congress's use of the term "'relating to' . . . broaden[ed] the state criminal convictions that support an enhancement" and that, therefore, the defendant was subject to the mandatory minimum even though the Indiana law swept more broadly than the federal law. *Id.* at 380–81 (citing *Kraemer*, 933 F.3d at 679–84). Despite the fact that the Seventh Circuit explained that it was not deploying the "categorical approach" to reach this result, *id.*, the panel's analysis of section 2252(b)(1)—and, in particular, the import of the statutory term "relating to"—supports the Court's interpretation of section 2252(b)(2) here.

11

categorical match with the latter.[6]  This is made plain by cases analyzing 18 U.S.C. §

2252A(b)(2) which, like section 2252(b)(2), imposes a mandatory minimum upon persons with

"a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual

abuse, or abusive sexual conduct involving a minor or ward, or the production, possession,

receipt, mailing, sale, distribution, shipment, or transportation of child pornography."  18 U.S.C.

§ 2252A(b)(2).  Courts have repeatedly concluded that section 2252A(b)(2) does not demand

"complete overlap" in order for a state conviction to qualify as an enhancement-triggering

offense.  *See Bennett*, 823 F.3d at 1321–25 (holding that Colorado statute constituted categorical

match despite the fact that Colorado's definition of child pornography was broader than the

federal definition); *see also United States v. Ragonese*, 47 F.4th 106, 111 (2d Cir. 2022)

(explaining that section 2252A(b)'s sentencing enhancements "are triggered not only when the

prior conviction *matches* an enumerated offense in the federal penalty provision . . . but also

when the prior conviction 'relate[s] to' such offenses"); *United States v. McGarity*, 669 F.3d

1218, 1262 (11th Cir. 2012) ( "§ 2252A does not simply mandate a sentencing enhancement for

individuals convicted of state offenses *equivalent* to sexual abuse. Rather, it mandates the

enhancement for any state offense that stands in some relation, bears upon, or is associated with

that generic offense." (quoting *United States v. Sinerius*, 504 F.3d 737, 743 (9th Cir. 2007))),

*abrogated on other grounds by Paroline v. United States*, 572 U.S. 434 (2014); *United States v.*

---

[6] The Ninth Circuit appears to be the only Court of Appeals to have reached a contrary conclusion.  *See United States v. Reinhart*, 893 F.3d 606, 621 (9th Cir. 2018) (holding that defendant's conviction under California statute that contained a broader definition of child pornography than federal law did not trigger section 2252(b)(2)'s sentencing enhancement).  Among other things, the Ninth Circuit relied heavily upon *Mellouli* in reaching its decision.  *See id.* at 614–16.  For the reasons explained above, *see supra* note 3, the Court is not persuaded that *Mellouli* provides an especially useful roadmap for interpreting section 2252(b)(2), and the Court will therefore follow the lead of all of the other Courts of Appeals to have considered the issue.

*Spence*, 661 F.3d 194, 200 (4th Cir. 2011) ("In light of this broad, inclusive language chosen by Congress, the nature of the crime . . . does not need to satisfy a narrow definition of sexual abuse in order to qualify as a predicate offense.").

Despite the heavy weight of this authority, King contends that the Supreme Court's decision in *Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017) mandates strict adherence to the categorical approach in this case. The Court disagrees. At issue in *Esquivel-Quintana* was the question of whether the petitioner's prior conviction for statutory rape under California law constituted "an aggravated felony" under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii). *See* 581 U.S. at 387–88. The INA defined "aggravated felony" to include, among other things, "sexual abuse of a minor." *Id.* (quoting 8 U.S.C. § 1101(a)(43)(A)). Applying the categorical approach, the Supreme Court held that the petitioner's prior conviction did not qualify as "'sexual abuse of a minor' under the INA" because the underlying "California statute criminalizes sexual intercourse when the victim is up to 17 years old," whereas "the generic federal definition of sexual abuse of a minor requires that the victim be younger than 16." *Id.* at 388, 390–91. In other words, because the California statute criminalized a broader array of conduct than the generic federal definition, it did not qualify as a categorical match.

The principal issue with King's reliance on *Esquivel-Quintana* is that, unlike section 2252(b)(2), the provisions of the INA upon which *Esquivel-Quintana* turned do not contain the term "relating to" or other language suggesting that Congress intended to encapsulate a wider range of state convictions as qualifying predicates. To the contrary, those provisions specified that "[a]ny alien who is convicted of *an* aggravated felony . . . is deportable," 8 U.S.C. § 1227(a)(2)(A)(iii) (emphasis added), and that "'aggravated felony *means* . . . sexual abuse of a minor," *id.* § 1101(a)(43)(A) (emphasis added). The wording of these provisions is thus akin to

other statutes in which courts have held the strictest version of the categorical approach to be applicable. *See, e.g.*, *United States v. Carr*, 946 F.3d 598, 599–601 (D.C. Cir. 2020) (applying strict categorical approach to phrase "[a]ny offense under federal or state law . . . that . . . *has as an element* the use, attempted use, or threatened use of physical force against the person of another" (emphasis added)); *Brown*, 892 F.3d at 402 (same); *Taylor*, 495 U.S. at 600–602 (applying strict categorical approach to phrase "any crime . . . that . . . *is* burglary" (emphasis added)). If anything, then, the difference in wording between section 2252(b)(2) and the provisions of the INA addressed in *Esquivel-Quintana* only serves to underscore the appropriateness of applying a looser version of the categorical approach here.

In light of all of the above, the Court is persuaded that, in the context of section 2252(b)(2), the categorical approach must be applied more loosely than in other contexts. In other words, a defendant's prior state conviction may trigger section 2252(b)(2)'s sentencing enhancement even in cases, such as here, where the underlying state statute of conviction proscribes a slightly broader swath of conduct than does federal law. To hold otherwise would be to ignore Congress's express command that a prior state conviction need only "relat[e] to" the variety of child pornography offenses described in section 2252(b)(2) in order for that section's mandatory minimum to apply.

### B.  Relating to the Possession of Child Pornography

Having concluded that, in the context of section 2252(b)(2), the categorical approach does not demand an exact match between King's Virginia conviction and the federal definition of child pornography, the only remaining question is whether King's prior conviction can be said to "relat[e] to [the] possession . . . of child pornography." 18 U.S.C. § 2252(b)(2). That is, the question is whether his prior conviction "stand[s] in some relation;" "pertain[s] [to];" or has a

"connection with" the possession of child pornography as understood by federal law.  *See*

*Friedman*, 686 F.3d at 820 (quoting *Morales*, 504 U.S. at 383); *see also Bennett*, 823 F.3d at

1325 ("We ask whether the statute of Bennett's 1997 Colorado conviction stands in some

relation to, pertains to, or has a connection with the possession of child pornography.").  Other

courts have held that, to ascertain whether a state statute "relat[es] to" the possession of child

pornography "as generically understood under federal law," it is necessary to "consider whether

there is 'a logical or causal connection' between" the state statute and this generic understanding.

*Portanova*, 961 F.3d at 258 (quoting *Williams v. Att'y Gen. United States*, 880 F.3d 100, 105 (3d

Cir. 2018)).  State and federal law are "logically connected if . . . both target the same, core

criminal conduct such that they are directly analogous."  *Id.* (quoting *Williams*, 880 F.3d at 105).

At the time of his conviction, the Virginia statute to which King pleaded guilty made it a

crime to "knowingly possess[] child pornography."  Va. Code § 18.2-374.1:1 (2015).  Virginia

defined "child pornography" as "sexually explicit visual material which utilizes or has as a

subject an identifiable minor."  *Id.* § 18.2-374.1(A).  In turn, the Commonwealth defined

"sexually explicit visual material" to include "visual representation[s]" depicting "sexual

bestiality, a lewd exhibition of nudity, . . . sexual excitement, sexual conduct or sadomasochistic

abuse."  *Id.*

In assessing whether King's Virginia conviction relates to the "possession . . . of child

pornography" under section 2252(b)(2), it is also necessary to "determine what constitutes the

federal generic offense of 'possession . . . of child pornography.'"  *See Portanova*, 961 F.3d at

261 (quoting 18 U.S.C. § 2252(b)(1)).  Because federal law contains its own definition of "child

pornography," that definition provides the proper point of comparison.  *See id.*; *see also*

*Mayokok*, 854 F.3d at 992 (comparing Minnesota statute to definition of child pornography

15

established by 18 U.S.C. §§ 2256(8)(A) and 2256(2)(A)); *see also Burgess v. United States*, 553

U.S. 124, 129 (2008) ("Statutory definitions control the meaning of statutory words . . . in the

usual case.") (quoting *Lawson v. Suwannee Fruit & S.S. Co.*, 336 U.S. 198, 201 (1949)); *cf.*

*Reinhart*, 893 F.3d at 613 ("[A]pplying well-established statutory principles, where there is a

federal definition of 'child pornography' in the same statutory chapter as the sentencing

enhancement provision at § 2252(b)(2), we apply that definition.").

Under federal law, "'child pornography' means any visual depiction . . . of a minor

engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A). "[S]exually explicit conduct"

is further defined as "actual or simulated . . . (i) sexual intercourse, including genital-genital,

oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii)

bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the

anus, genitals, or pubic area of any person." *Id.* § 2256(2)(A).

Applying the broad meaning of "relating to" described above, it is readily apparent that

King's prior conviction stands in some relation and pertains to the "possession . . . of child

pornography" under federal law. For one, both Virginia and federal law focus on the same actus

reus—the possession of child pornography. *See Portanova*, 961 F.3d at 262. For another, both

statutes, "with narrow exception, define nearly identical subject matter as child pornography."

*See id.* And as other courts have concluded when faced with similar state laws, *see supra* at 9–

13, the fact that the Virginia statute may cover visual depictions of certain types of nudity that

would not be criminal under federal law is insufficient to disrupt the nexus between the

possession of child pornography under Virginia law and the possession of child pornography

under federal law. *See Portanova*, 961 F.3d at 262; *Mayokok*, 854 F.3d at 992–93; *Bennett*, 823

F.3d at 1325.

King retorts that his Virginia conviction does not relate to the possession of child pornography under federal law because, under Virginia law, not all "exhibition[s] of nudity" constitute child pornography. Reply at 4 (quoting Va. Code § 18.2-374.1(A)). Instead, an exhibition of nudity must be "lewd," Va. Code § 18.2-374.1(A), which Virginia courts have construed to mean indicative of "a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite." *Asa v. Commonwealth*, 441 S.E.2d 26, 29 (Va. Ct. App. 1994) (quoting *Dickerson v. City of Richmond*, 346 S.E.2d 333, 336 (Va. Ct. App. 1986)). King contends that Virginia's definition of child pornography thus includes a "scienter" element that federal law lacks—the upshot being that his Virginia conviction cannot be a categorical match. Reply at 4–6.

King's argument misses the mark. For one, even under the strictest version of the categorical approach, it would not be sufficient for King to simply identify a *difference* between Virginia and federal law—rather, he would need to show that Virginia criminalizes "more conduct" than does federal law. *See Mathis*, 579 U.S. at 504. And as the Government aptly notes, assuming without deciding that Virginia's definition of child pornography does incorporate a scienter element, the incorporation of that element would seemingly *narrow* any differences between Virginia and federal law because it would shrink the universe of material that qualifies as child pornography in the Commonwealth. *See* Opp'n at 14. For another—and more to the point—King makes no attempt to explain how Virginia's inclusion of a scienter element severs the "logical[] connect[ion]" between the Virginia and federal definitions of child pornography, *see Portanova*, 961 F.3d at 258 (quoting *Williams*, 880 F.3d at 105), nor how the presence of that element renders a conviction for possessing child pornography in Virginia unrelated to the possession of child pornography under federal law.

All that being so, the Court concludes that King's prior Virginia conviction is one "relating to [the] possession . . . of child pornography."  18 U.S.C. § 2252(b)(2).  Section 2252(b)(2)'s mandatory-minimum sentencing enhancement therefore applies.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Objection to the Presentence Investigation Report (ECF No. 60) is **DENIED** insofar as Defendant objects to the application of the sentencing enhancement contained in 18 U.S.C. § 2252(b)(2).  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 30, 2023                                      RUDOLPH CONTRERAS
                                                               United States District Judge